IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lecta M. Bush, | : | |
| Plaintiff | : | Civil Action 2:07-cv-00340 |
| v. | : | Judge Sargus |
| The Director of Perry County, Ohio CSEA, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | : | |
| | : | |

## Order

Plaintiff Lecta M. Bush brought this civil rights action under 42 U.S.C. §1983. This matter is before the Court on Magistrate Judge Abel's April 25, 2007 Report and Recommendation on initial screening under 28 U.S.C. §1915(e)(2). It recommended that the complaint be dismissed for failure to state a claim.

No objections were filed to the Report and Recommendation. Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.

The Report and Recommendation summarized the allegation in the complaint as follows:

> The complaint alleges that the Perry County, Ohio CSEA caused a joint bank account that Ms. Bush shares with Donnie K. Roach to be frozen. It further alleges that Mr. Roach informed Ms. Bush that "he has never had a DNA test to determine if he is the father." In her emergency petition for injunctive relief, plaintiff states that she received a notice to a person having an interest in the bank account that one of the joint owners of the account "is the obligor in a support order administered by" the Perry County CSEA. The notice further stated that the

obligor was "in default under the support order." Plaintiff was advised that if she believed "any amount contained in the account is your property and should not be subject to the withdrawal directive," she should file a request for an administrative hearing. Plaintiff argues that defendants have subjected her to hardship because she is unable to pay her bills. She maintains that defendants' action are illegal and deny her due process.

As the Magistrate Judge found, plaintiff has been deprived of no constitutional right since the Perry County CSEA is following an Ohio statutory procedure to enforce child support orders. See, Ohio Revised Code § 3123.06; Ohio Adm. Code § 5101:12-55-03.4. Plaintiff was given notice that her joint bank account was frozen; and she had the right to request an administrative hearing to exclude monies in the account that are hers. That is all that due process requires. *See, Connecticut v. Doehr,* 501 U.S. 1, 10 (1991); *Brock v. Roadway Express, Inc.,* 481 U.S. 252, 261-62 (1987); *Blackhawk Mining Co. v. Andrus,* 711 F.2d 753, 757 (6th Cir. 1983).

Accordingly, the complaint is DISMISSED on initial screening because it fails to state a claim under 42 U.S.C. §1983. The Clerk of Court is DIRECTED to enter JUDGMENT for defendant.

6 -18 -2007
_____
Edmund A. Sargus, Jr.
United States District Judge